**SO ORDERED.**

**SIGNED June 24, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
               UNITED STATES BANKRUPTCY COURT
                WESTERN DISTRICT OF LOUISIANA

IN RE:

CHARLES SPELL                             CASE NO. 04-50396

    Debtor                                CHAPTER 13

---------------------------------------------------------------
                     REASONS FOR DECISION
---------------------------------------------------------------
```

Charles Spell ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 23, 2004. The case was subsequently converted to chapter 13 on May 10, 2004 on the Debtor's voluntary motion. Keith A. Rodriguez ("Trustee") is the standing chapter 13 trustee.

The Debtor's chapter 13 case was neither typical nor routine as the proceeding was contested at every turn by the Debtor's

former spouse, Bonnie Leger Spell ("Ms. Leger"). Due to pre-petition disputes, Ms. Leger was a creditor of the Debtor. Ms. Leger and her counsel were involved in each and every step in the chapter 13 proceeding. After numerous contested hearings, the Debtor finally obtained confirmation of his chapter 13 plan on December 13, 2004.

Ms. Leger's counsel, The Onebane Law Firm ("Onebane"), has filed a **MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM UNDER 11 U.S.C. §503(b)** ("Motion"). The Trustee objected to the Motion and a hearing on the matter was held on February 16, 2005. After hearing argument of counsel, the motion was taken under advisement.

**JURISDICTION**

The case has been referred to this court by the Standing Order of Reference entered in this district which is set forth as Rule 83.4.1 of the Local Rules of the United States District Court for the Western District of Louisiana. No party in interest has requested a withdrawal of the reference. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

These Reasons for Decision constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052, Federal Rules of Bankruptcy Procedure.

**LAW AND ANALYSIS**

The Motion seeks allowance of compensation in the amount of $18,924.50, and reimbursement of expenses in the amount of

$1,752.77, as administrative expenses pursuant to section 503(b). Onebane asserts that its services provided a tremendous benefit to the bankruptcy estate by exposing concealed assets of the Debtor. Onebane further contends that the Debtor's proposed monthly plan payments were significantly increased due to Onebane's efforts on behalf of Ms. Leger.

The Trustee makes two points. First, the Trustee asserts that through the normal administrative procedures, the Trustee required certain information from the Debtor, which in and of itself resulted in the bulk of the increase in plan payments. Further, the Trustee points out that Onebane's efforts were not aimed at obtaining additional funds for all creditors but rather were aimed at blocking confirmation for what Ms. Leger believed to be a bad faith bankruptcy case.

Onebane responds to the Trustee's argument by indicating that it was the sole efforts of Ms. Leger, through Onebane, in forcing the Debtor to convert the case from chapter 7 to chapter 13. Had the case remained in chapter 7, Onebane asserts that unsecured creditors would most likely have received nothing.

As with any issue pending before the court, proper analysis of this controversy must begin with the statute involved. In this case, section 503(b) provides, in relevant part:

> (b) After notice and a hearing, there shall be

Page 3

04-50396 - #115   File 06/24/05   Enter 06/27/05 08:05:24   Main Document   Pg 3 of 5

allowed administrative expenses, . . . including -

* * *

    (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by -

* * *

    (D) a creditor, . . . in making a substantial contribution in a case under chapter 9 or 11 of this title;

* * *

    (4) reasonable compensation for professional services rendered by an attorney . . . of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney . . .

* * *

A plain reading of the statute compels the conclusion that Onebane is not entitled to recognition of an administrative claim in this proceeding. Pursuant to section 503(b)(4), reasonable attorney fees may be awarded to a creditor if that creditor is entitled to recover expenses under section 503(b)(3). Section 503(b)(3)(D), however, limits allowance of creditor expenses only in chapter 9 or 11. There is no other provision in section 503(b) under which Onebane is entitled to an administrative claim in this chapter 13 proceeding.

Because the court has reached the conclusion that Onebane is

statutorily barred from seeking an administrative claim, the court need not determine whether its efforts did in fact constitute a "substantial contribution," and, if so, the monetary value of such contribution.

For the foregoing reasons, the Motion for Allowance must be denied. A separate order in conformity to these reasons has this day been entered into the record of this proceeding.

###